1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FRANK VALLES, | Case No. 1:22-cv-00355-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| GAMBOA, *et al.*, | |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Frank Valles ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on March 28, 2022, is currently before the Court for screening. (ECF No. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Allegations**

Plaintiff is currently housed at Avenal State Prison in Avenal, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Martin Gamboa, Warden, (2) B. Shults, Case Records Analyst, (3) Kathleen Allison, Secretary.

In claim 1, Plaintiff challenges the calculation of his release date per Penal Code 2936, regulatory changes pursuant to Section 32 of the California Constitution, following the passage of Proposition 57.  Plaintiff challenges the credits given to him pursuant to Proposition 57 by the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff was given 3 years and 8 months credit, but he contends he is entitled to 7 years credit.  Plaintiff asks that the federal court order CDCR to explain the credit calculation.

In claim 2, Plaintiff alleges that the regulation, Title 15, section 3486(i)(10) is unconstitutional.  Plaintiff contends the regulation violates the First Amendment "the freedom to petition – right to grieve and get a response from the Office of Appeals. Plaintiff said notice and "time expired" is unconstitutional. Plaintiff alleges that prison officials cannot retaliate against him for exercising his constitutional rights. Plaintiff's administrative appeal, attached to the complaint, seeks redress for calculation of credits under Proposition 57.  The Office of Appeals deemed Plaintiff's appeal of his Proposition 57 credits as "time expired."  (ECF. No. 1, p. 15.)

In claim 3, Plaintiff challenges the credit applied to his case under Proposition 57 and asks for a response from B. Shults, case records analyst. He asks to be awarded 33.3% credit.

2

As relief, Plaintiff seeks that his release date be recalculated to give credit for 7 years, not 3 years and 8 months. Plaintiff also seeks damages.

### III.     Discussion

#### A.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id*.; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief.  Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about how the incident started, what happened, who was involved and what each person did to violate Plaintiff's Constitutional rights.

#### B.   Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff must name individual Defendants and allege what each Defendant did or did not do that resulted in a violation of his constitutional rights. Conclusory allegations are insufficient.

Plaintiff has failed to link any defendant to purported constitutional violations.

### C.  Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendant Warden, or the CDCR Secretary, or any other defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**D.  No Constitutional Protection for Early Parole**

The Public Safety and Rehabilitation Act or "Proposition 57" was approved by California voters on November 8, 2016, and went into effect the next day. *People v. Dynes*, 20 Cal. App. 5th 523, 526, 229 Cal.Rptr.3d 133 (2018).

Proposition 57 added Article I, section 32 to the California Constitution, providing for early parole consideration for certain California prisoners. Section 32 states in relevant part: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense" and directs the CDCR to "adopt regulations in furtherance of these provisions." Cal. Const., art. I, § 32 (added emphasis). The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." Cal Code Regs. tit. 15, § 3490.

Plaintiff cannot maintain a due process claim, or any other claim, based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. *See Fernandez v. Nevada*, No. 3:06-CV-00628 LRH-RA, 2008 U.S. Dist. LEXIS 131876, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. *Id.*

Plaintiff alleges that the regulations for Proposition 57 violate California Constitution article I, section 32(a)(1). However, "section 32 does not create a constitutionally-protected liberty interest." *Jones v. Diaz*, No. 4:19-cv-07814-JSW, 2020 WL 10816217, at *6 (N.D. Cal. 2020); *see also Herrera v. California State Superior Cts.*, No. 1:17-cv-386-AWI-BAM, 2018 WL 400320, at *4 (E.D. Cal. 2018). In other words, Plaintiff's claim that CDCR regulations unlawfully exclude him from, or incorrectly calculated, parole consideration under Proposition 57 is a matter of state law; it does not implicate the Fourteenth Amendment or other federal law. *See*

*id.; Williams v. California Dep't of Corr.*, No. 1:19-cv-00250-LJO-GSA, 2019 WL 6918206, at *5 (E.D. Cal. 2019); *Rodriguez v. Anderson*, No. 5:18-cv-1181-AGA-GR, 2019 WL 6194993, at *5 (C.D. Cal. 2019). Proposition 57 is purely a creature of state law, and deprivation of any rights that it creates therefore cannot be vindicated here. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process); *Barnes v. Supreme Ct. Judges*, No. 1:21-CV-01078 NONE BAM(PC), 2021 WL 4033043, at *3 (E.D. Cal. Sept. 3, 2021), report and recommendation adopted, No. 1:21-CV-01078 NONE BAM(PC), 2021 WL 4262241 (E.D. Cal. Sept. 20, 2021) (failure to state a cognizable claim for violation of Proposition 57).

### E.  Processing of Appeals

To the extent Plaintiff is complaining about the appeal process, Plaintiff is informed that does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

### F.  Habeas Action

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his

incarceration, the exclusive method for asserting that challenging is by filing a petition for writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### G.  Leave to Amend would be Futile

The question whether Proposition 57 is being improperly construed, is a question of California law. It is not reviewable by this Court. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process).

Accordingly, the Court finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013); *accord Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

### IV.    Conclusion and Recommendation

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief.  As the deficiencies in the complaint are not capable of being cured through amendment, further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012).

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action

Further, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge

7

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated:  __**April 29, 2022**__                    ___/s/ Barbara A. McAuliffe___
                                                                    UNITED STATES MAGISTRATE JUDGE